**UNITED STATES of America for the Benefit and on Behalf of Adam J. LANEHART,**

v.

**UNITED ENTERPRISES, Inc., and Seaboard Surety Company.**

**Civ. No. 3761.**

United States District Court
W. D. Louisiana, Lake Charles Division.

Sept. 14, 1954.

As Amended Sept. 21, 1954.

**640**

Ashton L. Stewart, Baton Rouge, La., for plaintiff.

S. W. Plauche, Jr., Plauche & Plauche, Lake Charles, La., for defendants.

DAWKINS, Justice.

Plaintiffs have filed a motion for new trial, alleging several errors in the original decision, see D.C., 118 F.Supp. 427

as follows: (1) the findings under Items 143, 173 and 174 were contrary to the law and the evidence; and (2) that the original decision overlooked certain items claimed by plaintiffs, which will be discussed in detail hereinafter.

■ After considering oral arguments and briefs on the motion, the court is convinced that its decision as to Items 143, 173 and 174 is correct; and in so far as the motion relates to those items, it is denied. However, the court did overlook the other items referred to in the motion, as well as the counterclaims of defendant; and it is necessary to reopen the matter for the purpose of clarifying and supplementing the original findings. Rule 59(a) of Civil Procedure, 28 U.S.C.A.

Extras

■ Plaintiff claimed the total sum of $1616.60 for alleged extra work not included in its original contract with defendants but performed at defendant's request. The first of these items was the sum of $1,056 for priming porch decking before installation. Without further discussion, it is sufficient to state that the evidence clearly shows the Engineers (architect) interpreted this work to be included in and required by the original contract and specifications, and by stipulation all parties were bound by such interpretation, as pointed out in the original opinion. Notwithstanding this ruling, plaintiff argues that there was a separate agreement by defendant to pay "time and materials" for this work. However, the evidence fails to prove such an agreement. To the contrary, it appears that defendant's representative only suggested to plaintiff's foreman that he keep records on this work and that they would jointly make every effort to persuade the Engineers to authorize payment as an extra item, but without success. The claim for this item is therefore denied.

Plaintiff also claimed the sum of $64.40 for mirror frames, and since defendant admitted during the trial it was due, the same is allowed.

The last alleged extra item was the sum of $496.20 for cleaning windows. The contract provided: " * * * Paint spots, oil or stains upon adjacent surfaces shall be removed *and the entire job left clean and acceptable to the contracting officer.*" (Emphasis supplied). There were also specific requirements to clean the windows after reputtying and after new glass was installed. The evidence shows that a dispute arose as to the extent plaintiff was required to clean the windows, and this item is claimed for the work he contends exceeded his contractual obligation. There is no dispute that the work was done, but defendant vigorously denies it exceeded the contractual requirement. Plaintiff furnished no evidence as to the custom of the trade, and his proof otherwise does not establish with legal certainty that the work was extra. Hence, this item is denied.

### Differences in Count

Plaintiff claimed the sum of $333.39 over the amounts paid on various items, contending that certain quantities were not included in prior payments. The evidence shows that these items were disallowed by the architect and for reasons already given, his decision was binding upon plaintiff, and this item is disallowed.

### Difference Between Unit Prices and Lump Sum

When the contract was entered into by the parties to this litigation, they agreed upon the total sum of $90,000 to be paid to plaintiff. The work contemplated was broken down into units according to the general contract and specifications, with each unit given a price. The total of the unit prices included in the original contract was $381 less than $90,000; but defendant agreed that if plaintiff did all the work prescribed in the contract, he would be paid the full $90,000. To evidence this agreement, the following stipulation was incorporated into the written contract: "Difference between unit prices and total lump sum of contract to be paid sub-contractor by general contractor."

The court interprets this clause to be a guarantee to the plaintiff that he would be paid the $381, even though the sum of unit prices for work done did not equal $90,000. It is true that plaintiff did not perform all the work itemized in the contract, but his failure to do so resulted from omissions due to interpretations of the architect. Except as to increases or deductions provided under express provisions of the contract, the amount bid was due and this item should be allowed.

### Counterclaims

Plaintiff admits the claim of defendant for labor and materials on wood horses, in the amount of $208.60. As to the other items claimed by defendant, it has failed to sustain the burden of proving them with the required degree of certainty.

### Conclusion

The original decision is amended to include the items discussed herein, and otherwise the motion for new trial is denied. Plaintiff is allowed recovery of the following amounts:

| | | |
|---|---:|---:|
| Items originally admitted by defendants | | $1,808.22 |
| Items 173 and 174 | | 200.00 |
| *Painting under Carpentry:* | | |
| Items admitted by defendants during trial | $409.43 | |
| Item No. 19 | 53.40 | |
| Item No. 20 | 127.14 | |
| Item No. 29 | 197.88 | |
| | | 787.85 |
| Mirror frames | | 64.40 |
| Difference between unit prices and lump sum of contract | | 381.00 |
| Total award | | $3,241.47 |
| Less counter-claim allowed | | − 208.60 |
| Total due to plaintiff | | $3,032.87 |

Since plaintiff has proved the right to recover more than was tendered

642

by defendant, it appears that there is no merit in defendant's contention that plaintiff should be cast for costs. Rule 54(d) of Civil Procedure.